CITY OF EAST ST. LOUIS

v.

JESSE M. FREELS.

1. EVIDENCE—COPY OF RECORD.—A copy of a record required by law to be kept by a city, duly certified as required by the statute, is original evidence, and its introduction in evidence does not depend upon the fact that the record itself is lost or destroyed.

2. LICENSED ATTORNEY—FEES.—No person without being duly licensed as an attorney at law can recover for services performed as such in a court of record.

ERROR to the Circuit Court of St. Clair county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed November 27, 1885.

The defendant in error commenced this action to recover for legal services performed by him for the city. It appears from the record that in May, 1877, the city was under a contract with the East St. Louis Gas Light and Coke Company, to furnish the city with gas at a stated price for the term of thirty years, a contract the city was very much dissatisfied with and was desirous of annulling. The city authorities em-

ployed the appellee as special counsel to take such steps as were necessary to that end and under his advice the city refused to pay any future gas bills under the contract. The gas company instituted suit to recover for gas furnished, and the litigation thus commenced continued for several years, finally resulting in a substantial victory for the city. The appellee rendered valuable and faithful service to the city in such litigation, arguing the case in the circuit, appellate and supreme courts, and not being paid, he sought a just recompense by this suit.

The defenses relied upon in the court below are: 1st, that at the time the plaintiff was employed and during the entire time of the litigation, the city was indebted to an amount exceeding the constitutional limit, and 2d, that the plaintiff was not a duly licensed attorney of this State. On the trial below the appellant, for the purpose of showing the amount of the indebtedness of the city, offered in evidence a certified copy of the bond register kept by the city, with the testimony of the former clerk, that he was the clerk when the copy was made, in July, 1877, and he compared it with the register and found it to be correct. It was also shown that many of the record books of the city, including the register of bonds of the city, had been taken away from the city officers by some persons, claiming to be city officers, but who were declared not to be by the courts, and that such records were retained by such persons until they finally disappeared. This offered evidence was rejected, and the city then offered to show by parol evidence the amount of the city's indebtedness from time of the employment of appellee to date of commencement of the suit, and this was upon objection likewise ruled out. The city then offered proof to show the valuation of the property in the city for the years 1877 to 1884 inclusive, from which it would appear that the indebtedness of the city as shown by the copy of the register offered in evidence, would exceed five per cent. of such valuation.

The court having excluded the evidence of indebtedness offered, found for the plaintiff in the sum of $3,225, and rendered judgment against the city for that sum, and it brings the case here.

City of East St. Louis v. Freels.

Mr. GEORGE M. O. MELVENY and Mr. M. MILLARD, for plaintiff in error; as to licensed attorney, cited Tedrick v. Hiner, 61 Ill. 189.

Mr. G. A. KOERNER and Mr. J. M. FREELS, for defendant in error; as to secondary evidence, cited McGuire v. Bk. of Mobile, 42 Ala. 592; Christy v. Cavanah, 45 Mo. 377; Taylor v. Clark, 49 Cal. 671; Kearney v. Mayor, 92 N. Y. 619; Simpson v. Dale, 3 Wall. 460; Mariner v. Saunders, 5 Gilm. 117.

PILLSBURY, P. J.   If we could consistently with our views of the law affirm this judgment we would gladly do so, as the justice of appellee's claim is so clearly established by the proofs.   That he did faithful service for the city, resulting in saving the city one hundred thousand dollars, at least, is not denied, nor that such services were of the value found by the court below.   The city, however, sees proper to set up in defense its want of power to create any further indebtedness by employing the appellee, as it was already indebted beyond the constitutional limit of five per cent. upon the valuation of the property within its limits.   That such defense is valid, even when the indebtedness was incurred for the ordinary wan's and necessities of the city, was expressly adjudged in Prince v. City of Quincy, 105 Ill. 138, a decision which would seem to cover the point here made.   To prove that at the time the city employed the appellee it was then indebted beyond the limit allowed, it offered in evidence a certified copy of its bond register as it existed in 1877.   This register is required by the charter of the city to be kept, showing a full exhibit of all the material facts in relation to the debt of the city.

It therefore became a record of the city and competent evidence to establish the facts recorded therein.   This is not denied by appellee, but his contention is, that the register itself is the only competent evidence, and no sufficient foundation was laid for the introduction of secondary evidence.   It is provided by section 14 of chapter 51, R. S., that: "The papers, entries, records and ordinances, or parts thereof, of any city, village,

town or county, may be proved by a copy thereof, certified under the hand of the clerk or keeper thereof, and the corporate seal, if there be any ; if not, under his hand and private seal."

By section 18 of the same chapter it is provided that any such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses.

The copy of the bond register offered in evidence appears to have been certified to by the then clerk of the city, under his hand and the corporate seal of the city, and he being sworn as a witness testified that he examined and compared it with the original register and found it correct. This evidence of the correctness of the offered copy brought it within both sections of the statute quoted above, and made it competent evidence of the contents of the record. We think a copy of a record required by law to be kept by a city, duly certified as required by the statute, is original evidence, and that its introduction in evidence does not depend upon the fact that the record itself is lost or destroyed. Schott v. The People, 89 Ill. 195.

A sufficient guarantee against a false certificate is provided for in section 19 of the same chapter, making all persons thus authorized to certify copies amenable to the statute relating to perjury, if they shall knowingly make a false certificate. We can but hold that the court should have admitted the copy in evidence as lying at the foundation of the defense interposed. Again it appears that at the time he was employed the appellee was not licensed by two of the justices of the Supreme Court to practice in the courts of record in this State. He had been admitted to practice in the State of Iowa, and after removing to this State, by courtesy was permitted to practice in the courts of St. Clair county, or at least, no objection being made, he was treated by the courts as having the right to appear for his clients as an attorney. He was, however, duly licensed before the cause was submitted to the Supreme Court and a large portion of the services involved in the present inquiry was performed after he was so licensed.

Our statute, section 1, Ch. 13 R. S., prohibits any person

from practicing as an attorney or counselor at law or to commence, conduct or defend any action, suit or plaint, in which he is not a party concerned, in any court of record in this State, without having previously obtained a license for such purpose from some two of the justices of the Supreme Court. Such license when obtained authorizes such person to act as such attorney, and confers upon him the right to demand and receive fees for services he may render. From this statute it would seem that the policy of the law is, that no person without being duly licensed as an attorney at law can recover for services performed as such in a court of record. This was so held in Tedrick v. Hiner, 61 Ill. 189; and although that decision was made under the statute of 1845, it is equally applicable to the present statute when suit is brought to recover for services rendered, and no claim is made by the client to recover back fees already paid. It would therefore seem that for services rendered in a court of record before he was licensed the appellee can not recover in this suit.

These points made and relied upon by the city seem to be well founded in law, and we can not ignore them.

For the reasons stated the judgment of the court below will be reversed, and the cause remanded for a new trial.

Judgment reversed.