## E. H. Sellers
### v.
## Charles B. Phillips.

*Attorney and Client—License—Sec. 1, Chap. 13, R. S.—Illegal Contract—Recovery of Fees.*

No recovery can be had by an unlicensed attorney for services rendered in a court of record, notwithstanding a contract providing therefor.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. S. M. MEEK, for appellant.

Mr. CHARLES T. STRATTAN for appellee.

GARNETT, J. Appellee was a party to a suit in the Circuit Court involving the compensation or price to be given to him for some eighty acres of land, and a decree was entered which he thought adverse to his interest. He prayed an appeal therefrom to the Supreme Court of the State, which was allowed, and thereupon he engaged the professional services of the appellant in this case, E. H. Sellers, for the prosecution of the appeal.

The petition of appellant in this case alleges that Phillips "did then and there agree, that if your petitioner would give him, the said Phillips, his professional services in said cause, and would go on and make the abstract of record and prepare the brief for argument of the said case, that he, said Phillips, would give your petitioner, for his services, an interest in and to whatever sum the court directed should be awarded to him from said eighty acres of land," and that said interest should be a vested interest in petitioner.

Sellers performed the services, argued the case in the Supreme Court, and in the course of his employment paid

Sellers v. Phillips.

out $509 for printing, typewriting and traveling expenses and claims in addition the sum of $1,700 for his legal services on that appeal.

The fund coming to Phillips, as compensation for his land, was paid into the Circuit Court, and the petition of Sellers in this case was filed, claiming that his contract with Phillips was in effect an assignment of so much of the fund as was necessary to pay his fees and outlays. The decree allowed appellant the $509 for disbursements and ordered that sum paid out of the fund in court, but disallowed the claim of $1,700 for legal services. Phillips makes no complaint of the decree.

The defense he set up, and the truth of which is admitted, is that Sellers never was licensed to practice law in Illinois, he being at the time of the contract, and ever since, a practicing attorney in Detroit, Michigan. The contract was entire, and required his services all through the appeal. That necessarily embraced services rendered in the Supreme Court, and he certainly so understood it, as he filed a brief and orally argued the case in that court. Such a contract is in conflict with Sec. 1, Chap. 13, R. S., which prohibits any person from practicing as an attorney or counselor at law, or conducting any action or suit in which he is not a party concerned in any court of record in this State without having previously obtained a license for that purpose from some two of the justices of the Supreme Court.

In writing of a suit by an attorney to recover fees, it was said in City of East St. Louis v. Freels, 17 Ill. App. 339: "It would therefore seem, for services rendered in a court of record before he was licensed, the appellee can not recover in this suit." We think the terms of the statute warrant us in going further, and in saying, positively, that the contract was unlawful and compensation therefor can not be recovered.

Appellant, however, insists that his petition is not an attempt to enforce a promise to pay, but to keep what has been paid. That is plainly a mistake. No part of the fund ever came into possession of appellant, or under his control. The contract is executory still, and the rule announced in Mil-

ler v. Marckle, 21 Ill. 152, applies.   It was there well said that in
the case of illegal contracts the courts would not, on one hand,
undo what has been done, nor on the other, perfect what has
been left unfinished.

The decree is affirmed.

*Decree affirmed.*