## Asa Thomas v. Charles A. Burks.

1. INSTRUCTION—*when, upon burden of proof, erroneous.* An instruction which relieves the plaintiff of the burden of establishing his case by a preponderance of the evidence, in the first instance, is erroneous.,

2. MEASURE OF DAMAGES—*when instruction as to, erroneous.* An instruction which tells the jury that if they find the issues for the plaintiff they should assess the plaintiff's damages at the difference

Thomas v. Burks.

between the contract price of the article purchased and the market price thereof on a particular day, is erroneous, where the question as to such date (being the date of delivery) is in dispute.

Action of assumpsit.  Appeal from the Circuit Court of Piatt County; the Hon. W. G. Cochran, Judge, presiding.  Heard in this court at the May term, 1904.  Reversed and remanded.  Opinion filed April 20, 1905.

Herrick & Herrick, for appellant.

James L. Hicks, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

Appellee brought this suit against appellant to recover damages for an alleged breach of contract for the sale and delivery of 3,500 bushels of oats, by appellant to appellee. A trial resulted in a verdict and judgment for the plaintiff for the sum of $105, from which the defendant appeals. Appellee is engaged in buying grain at Galesville, Illinois, through his agent, one Hayes, while appellant is a farmer, residing near Galesville. It is conceded by both parties that on May 21, 1903, appellant contracted verbally with Hayes to sell to appellee 3,500 bushels of oats, at thirty cents per bushel.

The main controversy between the parties is as to the terms of the contract relative to the time of delivery, and the evidence upon the question is close and conflicting. They agreed that the delivery was to be made during the month of May. Appellant claims, however, and the evidence introduced by him tends to prove, that it was further agreed that in the event that appellant was not able to deliver, or appellee to receive, the grain, during May, it was to remain the property of appellant.

Appellant further claims, and the evidence on his behalf tends to show, that in view of the shortness of the time remaining in May, and the fact that the roads were liable to be bad, appellant was to have not only the month of May in which to deliver, but as much longer time as the market would justify appellee in paying the contract price.

The evidence introduced by appellant further tends to prove that on May 28th, appellant, by messenger, notified Hayes, appellee's agent, that he would deliver the grain on the 29th and 30th days of May, and that Hayes replied that he would be unable to receive the grain at such times, as he was going to receive other grain on those days. Hayes in his testimony denies that such notice was received or answer returned by him. His version of the conversation is that the messenger told him that appellant wanted to know whether it would be all right to deliver the oats on Monday or Tuesday, the first and second days of June, and that he replied that it would be satisfactory. On June 15th, Hayes demanded the oats of appellant, and upon his refusal to deliver them, appellee brought suit. The evidence shows that the prevailing price of oats on May 30th, was from 31 to $31\frac{1}{4}$ cents, and on the 15th of June $32\frac{1}{2}$ to $33\frac{1}{3}$ cents, per bushel. There was evidence tending to support the contentions of both appellee and appellant, but inasmuch as the judgment must be reversed for errors in the rulings of the trial court, we will not attempt to weigh or discuss the evidence.

The second instruction given in behalf of appellee told the jury that before appellant could absolve himself from liability for his failure to deliver the oats, he must not only show that he was ready and willing to deliver them, but that he must also show that he actually made a tender of delivery of the same, or some part thereof. The giving of this instruction was palpable and prejudicial error. It relieves the appellee of the burden of establishing his case by a preponderance of the evidence in the first instance.

By appellee's sixth instruction the jury were told that if they found the issues for the plaintiff, then the measure of damages was the difference between the contract price of May 21, 1903, and the market price on June 15th. The time for delivery under the contract was a material and vital question in the case. This instruction, in effect, told the jury that such time was not limited to the month of May. If appellant's version was correct he was liable only, if at

all, for the difference between the price on May 21st and May 30th, while the instruction requires the jury, in the event they find that there was a breach, to assess the damages at the difference between the contract price and the price on June 15th. Even if the contract as to delivery was as claimed by appellee, while appellant was entitled to such longer time after May in which to deliver, as the market would justify appellee in paying the contract price, we can conceive of no contingency liable to arise by which appellee would not have been justified in paying the contract price, except a falling market.

The undisputed evidence shows that the price was higher on the 15th day of June, the day of demand, than that fixed by the contract. Conceding appellee's version of the contract to be correct, we think that appellant was entitled to a reasonable time after demand in which to make the delivery, in which case the measure of damages in case of a breach on the part of appellant, would have been the difference between the contract price and the market price at the expiration of such reasonable time. What would have been such reasonable time was a question for the jury. It was not presented to them by instruction or otherwise, and the record is silent upon the question. The instruction for these reasons was erroneous, and should not have been given.

By appellee's fourth given instruction the jury was told that if they believed appellant sold appellee the oats, and later notified appellee that he would not deliver them, then appellant was liable. It contained no requirement that such belief must be based upon the evidence. Numerous other minor objections are urged both as to the rulings of the court upon other instructions and upon the admissibility of evidence. Such as are well taken will doubtless be corrected upon another trial, and we will not extend this opinion by passing upon them in detail.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*