(No. 34205.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALEX P. PETERS, Plaintiff in Error.

*Opinion filed March 20, 1957.*

JOHN R. SNIVELY, of Rockford, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and ROBERT R. CANFIELD, State's Attorney, of Rockford, (FRED G. LEACH, and ROSARIO A. GAZIANO, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff in error, Alex P. Peters, hereinafter referred to as the defendant, prosecutes this writ of error from a judgment of the Appellate Court, Second District, affirming his conviction on a charge that he unlawfully, knowingly, and wilfully represented himself as authorized to practice law, entered on the verdict of a jury returned in the county court of Winnebago County, on the third count of an information containing ten counts. Counts 4, 5, 7, 8, 9 and 10 were quashed. A plea of not guilty was entered on counts 1, 2, 3, and 6, after motions to quash them had been overruled. At the close of the People's case, verdicts for the defendant were directed on counts 1, 2 and 6. The jury fixed, as his punishment, a fine of $500 and confinement in the county jail for 90 days. The trial court denied motions of the defendant for a new trial and in arrest of

judgment. Defendant's application to be admitted to probation was denied and judgment was entered on the verdict.

The controlling issue in this case is whether or not count 3 of the information alleges a criminal offense. Count 3 is as follows:

"And the said Assistant State's Attorney, in and for the County of Winnebago aforesaid, in the name and by the authority of the People of the State of Illinois, further information makes that Alex P. Peters, on the 3rd day of June, in the year of our Lord one thousand nine hundred and fifty-four, at and in the County of Winnebago aforesaid, in the State of Illinois aforesaid, then and there residing in the State of Illinois and not then and there being regularly licensed to practice law in the Courts of the State of Illinois, did then and there unlawfully, knowingly and wilfully represent himself as authorized to practice law, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois."

The information is based on section 1 of "An Act to prevent and punish frauds in the practice of law" (Ill. Rev. Stat. 1953, chap. 38, par. 298,) which provides as follows:

"That any person residing in this State not being regularly licensed to practice law in the courts of this state, who shall in any manner hold himself out as an attorney at law or solicitor in chancery or represent himself either verbally or in writing, directly or indirectly, as authorized to practice law, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than twenty-five ($25.00) dollars nor more than five hundred ($500.00) dollars, or imprisonment in the county jail not exceeding one year, or by both fine and imprisonment, at the discretion of the court, for each and every offense, said misdemeanor to be prosecuted and costs assessed as in other cases of misdemeanor under chapter 38 of the Revised Statutes of Illinois."

Section 2 of the same act provides as follows:

"The use of the words 'attorney at law,' 'lawyer,' 'solicitor in chancery,' 'counsellor at law,' 'law office,' 'attorney and counsellor,' or other equivalent words by any person not licensed as such, in connection with his own name on any sign, advertisement, business card, letter head, circular, notice or other writing, document or design, the evident purpose of which is to induce others to believe and understand such person to be an attorney at law, shall be taken and held to be a 'holding out' within the meaning of section one of this act."

The Illinois constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. (Const. art. II, sec. 9.) The purpose of this guaranty is to secure to the accused such specific designation of the offense charged against him as will enable him to fully prepare for his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense. *People* v. *Barnes,* 314 Ill. 140; *People* v. *Covitz,* 262 Ill. 514; *People* v. *Clark,* 256 Ill. 14.

The Illinois Criminal Code provides that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. (Ill. Rev. Stat. 1953, chap. 38, par. 716.) Every information shall set forth the offense with reasonable certainty, substantially as required in an indictment. Ill. Rev. Stat. 1953, chap. 37, par. 289.

As a general rule it is sufficient in an indictment or information to state the offense in the language of the statute in those cases where the statute clearly defines the offense. (*Gallagher* v. *People,* 211 Ill. 158.) However, where the statute does not define or describe the act or acts constituting the offense created, such acts must be spe-

cifically alleged. *People* v. *Potter,* 5 Ill.2d 365; *People* v. *Chiafreddo,* 381 Ill. 214; *People* v. *Green,* 368 Ill. 242; *People* v. *Brown,* 336 Ill. 257.

Section 1 of the statute here in issue by its terms creates two punishable acts, the first being to hold oneself out as an attorney or solicitor and the second being to represent oneself either verbally or in writing, directly or indirectly, as authorized to practice law. Section 2 of the act defines and specifies in detail what shall constitute a "holding out" within the meaning of section 1. Nowhere in the act is it specified or spelled out what constitutes representing oneself, directly or indirectly, as authorized to practice law.

*People* v. *Schreiber,* 250 Ill. 345, is the only Illinois case which has been called to our attention or which we have been able to find involving the sufficiency of an information under the instant statute. There the accused had used the words "collection attorney" after his name upon his office door, window and office stationery. An information charging in the language of the statute violation of section 1 "by holding out as an attorney at law and by representing that he was authorized to practice law" was held to sufficiently allege a crime. In the *Schreiber case,* the charge that the accused represented himself as authorized to practice law was not necessary to sustain the conviction and was not discussed. There the information charged "holding out" in the statutory language. Holding out is defined in section 2 of the act, and the accused was proved to have committed one or more of the acts as thus defined. The charge here involved is one of "representing" and we cannot say that the *Schreiber case* passed on this point.

In *People ex rel. Illinois State Bar Ass'n* v. *Schafer,* 404 Ill. 45, it was stated that the practice of law involves not only appearance in court in connection with litigation, but also services rendered out of court and includes the giving of advice or the rendering of any service requiring

the use of any legal skill or knowledge, such as preparing a will, contract or other instrument, the legal effect of which, under the facts and conditions involved, must be carefully determined.

The information failed to allege what the representations complained of were; to whom the representations were made; whether verbally or in writing, directly or indirectly. It is essential that criminal pleading be sufficiently specific, first, that the defendant may know the nature of the charge so that he may adequately prepare his defense and, second, that the record of his acquittal or conviction may be a bar to a subsequent prosecution for the same offense. Count 3 under which defendant was convicted, in our opinion, did not contain specific averments as to the act or acts composing the offense of representing himself as authorized to practice law sufficient to advise defendant of the nature of his offending act so that he might adequately prepare his defense or plead the record in bar of a subsequent prosecution for the same offense.

For the reasons above stated, the judgment of conviction is reversed.

*Judgment reversed.*