The People of the State of Illinois, Plaintiff-Appellee, v. Floyd Ray Kessler, Defendant-Appellant.

### Gen. No. 64–16.

Third District.

May 19, 1964.

Floyd Ray Kessler, pro se, of Joliet, appellant.

Donald C. Martin, State's Attorney, of Princeton, for appellee.

CULBERTSON, P. J.

Defendant, Floyd Ray Kessler, pro se, prayed an appeal to the Supreme Court of Illinois, seeking relief from two sentences of not less than ten years nor more than life for the crime of armed robbery, which said sentences were adjudged to run concurrently, and were imposed upon the defendant by the Circuit Court of Bureau County on defendant's pleas of guilty to said charges. The Supreme Court has transferred this case to this Court for consideration and decision.

The contentions of defendant on this appeal are as follows: (1) that the indictments are null and void because they were not returned into open court by a properly impanelled grand jury; (2) the indictments are legally insufficient; (3) that the defendant was permitted to plead without the inquiries as to whether or not the accused knew of and understood the consequences of his pleas of guilty; (4) the defendant also complains of having court appointed counsel and not counsel of his own choosing; and (5) that he did not waive his right to trial by jury.

■■ The record in this case discloses: (1) the grand jury that returned the indictments now challenged was legally constituted; (2) we have examined the indictments to which defendant plead guilty and find they fully comply with the constitutional rights of defendant to demand the nature and cause of the accusation against him (Illinois Constitution Article 2, section 9). Persons charged with criminal offenses have a constitutional right to demand the nature and

cause of the accusation against them (see the Constitutional Article above referred to). The purposes of this guarantee is to secure to the accused such specific declaration of the offense as will enable him fully to prepare for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense (People v. Beeflink, 21 Ill2d 282, 171 NE2d 632; People v. Peters, 10 Ill2d 577, 141 NE2d 9). As to the third contention that he was permitted to plead guilty without inquiries having been made of him as to whether he knew of and understood the consequences of his pleas of guilty, we have carefully examined the record in this regard and the record completely refutes the charge and contention made by defendant.

■ Defendant's contention concerning counsel, is also completely without merit. The Court, from defendant's first appearance, was completely responsive to the obligation to furnish the defendant counsel, and nowhere in the record is there the slightest intimation that the defendant desired to be represented by counsel of his own choosing, nor does it appear anywhere in the record in this case that at any time defendant expressed any dissatisfaction with his appointed counsel. In fact, the record clearly indicates defendant's satisfaction with his counsel and his cooperation with his counsel.

■ As to the defendant's contention that he was entitled to a trial by jury unless he waives his right to such a trial in writing, his contention in this regard finds full and complete answer in People v. Brown, 13 Ill2d 32, 147 NE2d 336, wherein it is expressly held that it is not necessary that defendant waive his right to a trial by a jury in writing. His rights to have a trial by jury were fully and adequately explained to him.

The record in this case clearly discloses that there is no error in the record of any kind or character that would warrant this Court in reversing this case, and,

179

therefore, the judgment of the Circuit Court of Bureau County on the pleas of guilty entered by the defendant and the sentences imposed thereon by the Court are hereby affirmed.

Affirmed.

ROETH and SCHEINEMAN, JJ., concur.