EMANUEL S. LOZOFF, Plaintiff-Appellee, *v.* SHORE HEIGHTS, LTD., *et al.*, Defendants-Appellants.

Second District (1st Division) No. 74-18

■■■■■■■■

Opinion filed February 6, 1976.

David P. Peskind and Gail L. Erschen, both of Tyler, Peskind & Solomon, of Aurora, for appellants.

Albert Brooks Friedman, of Chicago, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

In 1971 the defendant corporation, Shore Heights, Ltd., (Shore Heights), was the beneficiary of a land trust holding title to 209 lots in Kendall County. Flintlock Investments of Aurora, Illinois (Flintlock) was negotiating with Shore Heights for the purchase of these lots and was also negotiating with Aldridge Construction Company (Aldridge) for the sale of the same lots. Plaintiff, Emanuel S. Lozoff, was employed by Flintlock at this time. Plaintiff was licensed to practice law in Wisconsin but was not licensed to practice law in Illinois until March 2, 1972, almost three months after the complaint herein was filed.

A contract was entered into between Shore Heights and Flintlock but the sale was not consummated. Thereafter, plaintiff discussed with Aldridge's attorneys the possibility of their negotiating directly with Shore Heights. Plaintiff also proposed to Shore Heights' attorney, Norman Lawrence, that plaintiff be employed by Shore Heights to put together a sale of the lots to Aldridge.

On July 20, 1971, a meeting was held between Shore Heights' attorney, plaintiff and the defendant Charles Greene, who was general manager of Shore Heights. At this meeting a letter agreement was dictated by plaintiff and later signed by the defendant, Delores Greene, president of Shore Heights, for Shore Heights. In pertinent part, this agreement provided as follows:

"Dear Mr. Lozoff:

This is to serve as a memorandum of our agreement in which you will be paid the sum of $65,000 *as attorney's fees for the legal services rendered by you* in the Aldridge Construction Company—Shore Heights land agreement for properties located in Kendall County, Illinois." (Emphasis added.)

On August 6, 1971, a contract was entered into between Shore Heights and Aldridge but later Aldridge served notice on Shore Heights that they were not going to proceed with the contract.

On December 9, 1971, plaintiff, represented by counsel, filed the instant complaint alleging that he was due $65,000 from defendants for having rendered legal services to them as described in the July 20, 1971, letter agreement. The complaint also alleged that plaintiff dealt with the defendants Charles and Delores Greene individually as well as on

behalf of the defendant Shore Heights and that the Shore Heights-Aldridge contract was not consummated due to defendants' "refusal, failure or inability" to comply therewith. The jury returned a verdict in favor of the plaintiff and against the individual and corporate defendants in the amount of $65,000, and answered in the affirmative the special interrogatory, "Did the Plaintiff perform all of the services, which were required by him by the contract?" Following entry of judgment based upon the jury's verdict and the denial of relief prayed for in their post-trial motion, defendants appeal.

The sole question presented in this case is whether an attorney who is licensed to practice law in Wisconsin but not in Illinois may recover attorney's fees for legal services rendered in Illinois.

Although defendants raise several allegations of error, we find that we need only consider the question of whether an attorney who is not licensed to practice law in Illinois can recover on a contract to perform legal services in Illinois. Prior to a discussion of that issue, we note plaintiff's argument that defendants have not properly preserved this issue for review due to their failure to raise it in their post-trial motion. We find, however, that in their post-trial motion defendants specifically asserted that the court erred in denying their motion for judgment on the pleadings and motion in limine, both of which were based exclusively upon plaintiff's lack of an Illinois license to practice law. Such a specification of error satisfies the specificity requirement of section 68.1 (2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(2)) by indicating the grounds upon which the defendants rely " *   *   * with sufficient particularity to afford the trial court identity of the error relied upon." *Osborne v. Leonard* (1968), 99 Ill. App. 2d 391, 396, 240 N.E.2d 769, 771.

We turn, then, to a consideration of the effect of plaintiff's not being licensed to practice law in the State of Illinois. Section 1 of the Attorneys and Counselors Act (Ill. Rev. Stat. 1973, ch. 13, par. 1) in part states:

> "No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State.
>
> No person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney."

Plaintiff argues that the plain meaning of this statute has no application to the instant case because: (1) he acted merely as a "finder" and not as a lawyer, or (2) Supreme Court Rule 707 (Ill. Rev. Stat. 1973, ch. 110A, par. 707) controls the instant case.

As to plaintiff's first argument, we find that the fact that the Lozoff-Shore Heights contract, which was drafted by plaintiff, provided that plaintiff was to be paid $65,000 "as attorney's fees for &ast; &ast; &ast; legal services" and the fact that the complaint sought recovery for legal services precludes plaintiff from now contending that he merely acted as a broker or "finder." As to plaintiff's second contention, we find Supreme Court Rule 707 inapplicable to the case at bar. That Rule provides:

> "Anything in these rules to the contrary notwithstanding, an attorney and counselor-at-law from any other jurisdiction in the United States, or foreign country, may in the discretion of any court of this State be permitted to participate before the court in the trial or argument of any particular cause in which, for the time being, he is employed."

This Rule, in the discretion of the court, allows a foreign attorney "to *participate before the court* in the trial or argument of any particular cause in which, for the time being, he is employed." Plaintiff herein is attempting to recover for legal services performed outside of the courts of this State. Rule 707, therefore, has no application to the instant case.

The courts of the State of Illinois have the sole and exclusive power to determine who may practice law in the State. (*Chicago Bar Association v. Kellogg* (1949), 338 Ill. App. 618, 88 N.E.2d 519.) The practice of law is not limited to court appearances, (*People ex rel. Illinois State Bar Association v. Schafer* (1949), 404 Ill. 45, 87 N.E.2d 773), but includes the giving of advice or the rendition of any service requiring the use of any degree of legal knowledge or skill. *People ex rel. Chicago Bar Association v. Barasch* (1950), 406 Ill. 253, 94 N.E.2d 148.

In *City of East St. Louis v. Freels* (1885), 17 Ill. App. 339, 343, in considering the claim of a nonlawyer for legal services the court stated the following with reference to a predecessor of the statute involved in the instant case:

> "From this statute it would seem that the policy of the law is, that no person without being duly licensed as an attorney at law can recover for services performed as such in a court of record."

In *Sellers v. Phillips* (1890), 37 Ill. App. 74, an attorney who was licensed to practice law in Michigan but not in Illinois sued to recover on a contract for attorney's fees for prosecuting an appeal in the Illinois Supreme Court. The appellate court noted first that the contract,

> "&ast; &ast; &ast; is in conflict with Sec. 1, Chap. 13, R.S., which prohibits any person from practicing as an attorney or counselor at

law, or conducting any action or suit in which he is not a party concerned in any court of record in this State without having previously obtained a license for that purpose * * *." (37 Ill. App. 74, 75.)

The court then went on to hold,

"We think the terms of the statute warrant us in going further, [than did the court in *Freels, supra*] and in saying, positively, that the contract was unlawful and compensation therefore can not be recovered." (37 Ill. App. 74, 75.)

We also note the following statement found in Annot., 11 A.L.R. 3d 907, 908, (1967), relying in part upon *Freels* and *Sellers*:

"Most courts take the view that in the absence of some extenuating circumstance, an out-of-state attorney who renders services locally falls within the prohibition against illegally practicing law and cannot recover compensation from his client for the local services."

See also 4 Ill. L.&Pr. *Attorneys and Counselors* §§12 and 125 (1971) and *Spivak v. Sachs* (1965), 16 N.Y.2d 163, 263 N.Y.S.2d 953, 211 N.E.2d 329.

In arriving at the above decision we are not unmindful of the decisions of *Mock v. Higgins* (1954), 3 Ill. App. 2d 281, 121 N.E.2d 865, and *Dorf v. Relles* (7th Cir. 1966), 355 F.2d 488.

In *Mock v. Higgins*, the appellate court in substance held that under section 12 of the Attorneys and Counselors Act, a Missouri lawyer could, in fact, practice in Illinois. Section 12 reads as follows:

"When any counselor or attorney at law, residing in any other state or territory, may desire to practice law in this state, such counselor or attorney shall be allowed to practice in the several courts of law and equity in this state upon the same terms and in the same manner that counselors and attorneys at law residing in this state now are or hereafter may be admitted to practice law in such other state or territory."

It is to be noted that this provision provides that an attorney residing outside of the State shall be allowed to practice in the several courts of law and equity in this State upon the same terms and in the same manner an Illinois lawyer is *admitted* to practice law in such other State or territory. It is conceded that this section of the statute is somewhat difficult to analyze. It would appear the provision, using the words "admitted to practice law" doubtless means "allowed to practice law." However, if section 12 is read in conjunction with Supreme Court Rule 707, there appears at first blush to be a conflict. This may not necessarily be so. Rule 707 specifically provides that an attorney from

outside the State of Illinois, from another jurisdiction of the United States or foreign country, may be permitted to participate before the court in a trial of a particular case for the time being he is expressly employed. It would appear that section 12 must be read in conjunction with Supreme Court Rule 707. In other words, a foreign attorney, in the discretion of the court, may be allowed to appear in the courts of this State on specific cases for which he is then presently employed. The difficulty arises, however, in such case as the one before us where appearance in court is not an issue but the rendition of legal services by a foreign attorney in the State of Illinois is the problem.

In *Mock v. Higgins*, the plaintiff, Mock, had entered into a contract with attorney Leahy who was an attorney licensed to practice law in Missouri but not in Illinois. The contract entered into was signed by Leahy, the St. Louis attorney, together with the plaintiff Constance Mock and George F. Higgins, the public administrator of Du Page County, Illinois. Under the provisions of the contract both Leahy, the St. Louis attorney, Higgins, the public administrator, Farthing, an Illinois attorney and Joseph Sam Perry, an Illinois attorney, were to receive for their services the sum of 10% of the amount collected by Constance Mock in a certain probate claim or the sum of $250,000, whichever was the larger. They were successful in their efforts and Constance Mock was decreed to be entitled to one-third of the estate, which was in the neighborhood of $3,500,000. After Constance Mock had received the money, she became dissatisfied with the contract and sued Higgins, the administrator, Leahy, the St. Louis attorney, Farthing, the Illinois attorney and Joseph Sam Perry, the Illinois attorney, alleging that Leahy was not admitted to practice law in the State of Illinois and that the entire contract was therefore void. In passing upon this issue, as indicated above, the court specifically held that it was common knowledge that Missouri lawyers practice in the State of Illinois and, although Leahy was not admitted to practice law in the State of Illinois, the contract involving Mr. Leahy, the St. Louis attorney, was not void. The court in *Mock* at no time considered the provisions of Supreme Court Rule 707 or its predecessor, if any.

In *Dorf v. Relles*, the Federal court cited with approval the above finding in *Mock*. We do not adhere to *Mock* insofar as it relates to the case at bar, nor do we adhere to *Dorf* insofar as it follows *Mock*. We find that section 12, relative to nonresident lawyers practicing law in Illinois, must be read in conjunction with Supreme Court Rule 707. In other words, the Missouri lawyer, or as here a Wisconsin lawyer, may, in certain instances, in the discretion of the trial court, be allowed or

admitted to practice law before the courts of this State. Insofar as *Mock* holds to the contrary, we disagree.

We therefore find that plaintiff is precluded from recovering for legal services rendered in Illinois when he was not licensed to practice law in Illinois.

The judgment appealed from is hereby reversed and judgment is entered in favor of the defendants.

Reversed.

SEIDENFELD, P. J., and HALLETT, J., concur.