EDWARD OLSEN, d/b/a Olsen's Elevator & Feeds, Plaintiff-Appellee, *v.* LOREN SCHOLL *et al.*, Defendants-Appellants.

Second District (1st Division)    No. 75-39

Opinion filed May 12, 1976.

L. W. Nelson, of Nelson & Kilgus, of Morrison, for appellants.

Reese & Reese, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Edward Olsen, the operator of the grain elevator in Polo, Illinois, brought this action against Thomas and Loren Scholl, who are farmers, alleging breach of a series of written contracts by failure to deliver 8,800 bushels of soybeans. The trial court entered judgment on a jury verdict in favor of the plaintiff assessing damages in the amount of $25,924.80. The defendants appeal contending that the verdict is contrary to law, against the manifest weight of the evidence, and that the damages awarded were excessive. The appellee filed a motion to dismiss the appeal, or in the alternative to dismiss part II of the appeal, which we ordered taken with the case.

■■ The appellee seeks a dismissal of the appeal on the ground that the defendants' post-trial motion was not timely filed. The defendants' post-trial motion was filed within 30 days after the entry of judgment, and the motion to strike it was denied by the trial court. There is no merit to plaintiff's contention that a proper construction of sections 68(2) and 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, pars. 68(2) and 68.1(3)) requires that a post-trial motion be made within 30 days of the return of the verdict when judgment is not entered immediately upon return of the verdict. Such a contention is contrary to the letter and the spirit of sections 68 and 68.1. The appellants have complied with section 68.1(3) and the rules of this court (see Ill. Rev. Stat. 1971, ch. 110A, par. 272), and the appeal will not be dismissed on this basis.

■■ The appellee also contends that we should dismiss the second part of the defendants' appeal, dealing with their allegation that they were excused from performing the contract because the plaintiff prevented their performance, because this ground of appeal was not sufficiently specified in the defendants' post-trial motion. Although greater specificity in the post-trial motion would have been desirable, a review of the record and the theories upon which the case was tried indicates that the grounds upon which the defendants rely were identified with sufficient particularity for the trial court to have considered them in ruling on the post-trial motion. (See *Lozoff v. Shore Heights, Ltd.*, 35 Ill. App. 3d 697, 699, 342 N.E.2d 475, 478 (1976).) Therefore, we shall consider the factual question raised by defendant's second ground of error.

The contracts between the plaintiff and the defendants, who live near Polo, Illinois, were entered into during the latter part of November, 1972, and called for delivery of the soybeans to Illinois Grain Elevator in Hennepin, Illinois, during January, 1973. They provided, "Should elevator be full or incapacitated in any way, when grain is tendered, grain shall be delivered as soon thereafter as elevator can receive same." The contracts also provided, "Any extension of time to be at buyer's option." The parties understood that the sellers would be responsible for transporting the beans to Hennepin.

Late in December arrangements were made for delivery of some of the beans to Hennepin on January 2, 1973. On that day, after two loads of beans had been loaded, it was learned that the elevator at Hennepin was unable to take soybeans. In an effort to accommodate the sellers, Olsen made arrangements for the trucks already loaded to deliver the beans to Calumet Harbor. However, the beans were not taken to Calumet Harbor. On January 5, 1973, the sellers went to the buyer's place of business seeking to make arrangements for the immediate delivery of some beans on the contracts. They also sought partial payment in advance and stated they were in urgent need of money. The buyer was unable to arrange for immediate delivery and refused to make any advance payment. At that time the buyer had learned that the beans were described in a recorded security agreement between the sellers and a third party. During the rest of January and the early part of February, the buyer contacted the sellers several times to determine when the beans would be delivered. Between January 5 and 15 he informed the sellers that the elevator at Hennepin was taking delivery. On February 16, the buyer filed suit against the sellers seeking, *inter alia*, an injunction to restrain the sellers from disposing of the beans. On February 27, 1973, Olsen covered his obligation to his buyer by payment of the market price on that date, which was $6.63 a bushel. The contract prices of the beans ranged from $3.67 to $3.80 per bushel. The market price of soybeans during the first week of January was between $4.04 and $4.12 a bushel. The jury's verdict represented the difference between the contract prices and the market price of $6.63 per bushel on February 27, 1973.

The defendants' principal contentions on appeal concern the measure and amount of damages. They contend first that an anticipatory repudiation occurred on January 5; second, that the breach, if any, occurred on January 31, the last day delivery could have been made under the contracts; and third, that in all events, the buyer must have recognized a breach when he filed suit on February 16 and that damages measured after that date are clearly against the manifest weight of the evidence and contrary to law.

■■ Although the testimony concerning the conversation at Olsen's place of business on January 5 is conflicting, the jury could have found that the defendants neither manifested a clear determination not to continue with performance nor put Olsen on notice that they would take an action which would render performance of the contract practically impossible. (See Ill. Ann. Stat., ch. 26, §2—610, Uniform Commercial Code Comment 1 (Smith-Hurd 1963).) *Oloffson v. Coomer*, 11 Ill. App. 3d 918 (1973), cited by the appellants, is distinguishable in this regard.

■■■ In Illinois, when the time for delivery of goods on a contract is extended to an indefinite time, the measure of damages is the difference between the contract price and the market price at a reasonable time after

performance is demanded. (*Summers v. Hibbard & Co.*, 153 Ill. 102, 111 (1894). See also *McClure v. O. Henry Tent & Awning Co.*, 184 F.2d 636, 639 (7th Cir. 1950).) This rule was not affected by the passage of the Uniform Commercial Code in Illinois (See Ill. Ann. Stat., ch. 26, §2—713, Illinois Code Comment, subsection (1) (Smith-Hurd 1963).) A demand may be made by the filing of suit and damages should be measured as of a reasonable time thereafter, as determined by the jury. (*Thomas v. Burks,* 120 Ill. App. 222, 225 (1905).) On this record the jury could have found that the plaintiff exercised his option to extend the time for delivery and informed the sellers of his election to do so. Considering the time normally consumed for service of process, the jury could have determined that the buyer did not exceed the bounds of resonableness when he waited 11 days before deciding that the sellers were not going to perform their part of the contract even under threat of suit. Therefore, we conclude that the award of damages based on the difference between the contract prices and the market price on February 27, 1973, was not excessive.

■■ The appellants also contend that the verdict and judgment were contrary to the manifest weight of the evidence because the defendants' performance was excused due to the plaintiff's interference with that performance. This contention is based on the plaintiff's failure to arrange for a more convenient delivery point on January 2, and his failure to take delivery or make a partial advance payment on January 5. Although it is true that one party may be excused from performance of a contract because the other party prevented him from performing, there is nothing in this record to indicate that Olsen prevented the defendants from making delivery of the beans (compare *Pfaff v. Petrie*, 396 Ill. 44 (1947)) or that Olsen did anything which would lead the defendants to believe that he was not going to insist upon performance. (*Ginter v. Heco Envelope Co.*, 316 Ill. 183 (1925).) Clearly, the plaintiff was not obliged to make payment prior to delivery when payment on those terms was not provided for in the contract. (See *Coppola v. Marden, Orth & Hastings Co.*, 282 Ill. 281, 185 (1917); Ill. Rev. Stat. 1971, ch. 26, par. 2—310.) We therefore find that the judgment in favor of plaintiff on this issue was not contrary to the manifest weight of the evidence.

The judgment is affirmed.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.