Chief Judge Desmond.
Plaintiff, a California attorney not admitted to the Bar of New York State (or of Connecticut), has an affirmed judgment against defendant for the reasonable value of legal services (plus traveling and other expenses) rendered to defendant in New York City where defendant resided. Defendant appeals here, arguing that plaintiff cannot recover since what he did amounted to the illegal practice of law in this State in violation of section 270 of the Penal Law.
Both courts below held—and it is not really disputed or disputable— that these were legal services. The Trial Term and the Appellate Division majority decided, however, that what plaintiff did in New York was not the “ practice ” of law within the meaning of section 270 of the Penal Law which, as all agree, states the basic law, but was a mere “ isolated situation ”. The Appellate Division dissent, however, pointed (21 A D 2d, pp. 350-351) to the undisputed fact that the services consisted of ‘ ‘ advice and assistance rendered to defendant and her attorneys * * *, including litigation pending in Connecticut and the proposed drafts of a settlement agreement ”, also legal advice as to “ the matter of the proper jurisdiction for the matrimonial litigation, the advisability of the dismissal of the Connecticut proceedings with the institution of a new action in New York, the matter of property settlements * * * the custody of the infant son of the parties ” as well as the giving of plaintiff’s opinion “as to the nature of the representation defendant was receiving at the hands of her present counsel in New York with a recommendation that she retain a certain other attorney here ”.
The dissent below emphasized that the advice given by plaintiff was in part based on his knowledge or claimed knowledge of New York law. The dissenting Justices concluded that all this showed that plaintiff had practiced law illegally in New York. With that conclusion we agree.
We summarize the facts as found below. Plaintiff had never represented defendantiiefore but had met her and her husband socially in California, Connecticut and New York. In 1959 defendant’s husband sued her for a divorce in Connecticut and *166 she retained attorneys in New York and Connecticut to represent her in the litigation and to negotiate a separation agreement. In November of that year defendant telephoned from New York to plaintiff in California. She told him that she was being pressed into a property settlement, that one child had been taken from her and she feared she might lose the custody of the other child and that she was confused and wanted plaintiff to come to New York to talk to her about her affairs. There were two other such telephone conversations during which defendant explained the details of the proposed agreements and again urged plaintiff to come to New York. He agreed to do so, informing her that he would advance his own expenses, then charge them to her plus a reasonable fee for his services. He told her that he was not licensed in New York and could do no more than consult with her, advise her and recommend New York counsel. Flying to New York, he spent about fourteen days there on defendant’s affairs. During several meetings with defendant he examined various drafts of separation agreements as proposed by defendant’s Connecticut counsel and discussed her problems as to financial arrangements and custody of the children. Based on his knowledge of both New York and California law, so he testified, he expressed his opinion that the suggested financial provisions for her were inadequate and that “ she wasn’t being adequately represented ”. Later defendant arranged meetings of plaintiff with defendant’s New York attorney and plaintiff told that New York attorney that Connecticut was not the “ proper jurisdiction ” for the divorce suit. After several more meetings with the New York lawyer at some of which defendant was present, plaintiff tried without success to persuade defendant to discharge her New York counsel and retain a different New York lawyer named by plaintiff. For these .services plaintiff demanded a fee of $10,575 but was awarded judgment for $3,500 as his fee at the rate of $250 per day, plus about $1,600 in travel, hotel, telephone and incidental expense.
It is settled that the practice of law forbidden in this State by section 270 of the Penal Law to all but duly licensed New York attorneys includes legal advice and counsel as well as appearing in the courts and holding oneself out as a lawyer (People v. Alfani, 227 N. Y. 334; Bennett v. Goldsmith, 280 N. Y. *167 529; Matter of New York County Lawyers’ Assn. [Cool], 294 N. Y. 853; Matter of New York County Lawyers Assn. [Roel], 3 N Y 2d 224). All this plaintiff concedes but he argues here, as he did successfully below, that although not admitted to the New York Bar he may still collect a fee for legal services performed here, since what he did was a “ single, isolated incident ” and not the “ practice ” of law. We think this is a misreading of the statute and a misa/pplication of the holdings in People v. Alfani (supra) and People v. Goldsmith (249 N. Y. 586), particularly the latter.
Alfani and Goldsmith were both laymen and both were prosecuted and convicted for alleged violations of section 270. Alfani’s conviction was upheld since he had made it his regular business to draw legal papers for hire. Goldsmith’s conviction was reversed upon the ground that there was no evidence that he “ held himself out to the public as being entitled to practice law within the meaning of section 270 of the Penal Law. (See People v. Alfani, 227 N. Y. 334.) ” This court followed the Appellate Division’s dissent in Goldsmith’s case and agreed with it that the drawing by a layman of one single document for a small fee without any “ holding out ” was not the “ practice ” of law. The contrast was with Alfani who made such work his regular business. The exculpation of Goldsmith was consistent with People v. Title Guar. & Trust Co. (227 N. Y. 366) where a corporation which abstracted titles and guaranteed mortgages was held not to have violated section 280 of the Penal Law by drawing a single document without giving any legal advice.
The Alfani, Goldsmith and Title Guarantee cases (supra), laying down the rule that drawing a single document for a small fee or no fee is not law practice, have no relevance to the case at hand. Here we have a California lawyer brought to New York not for a conference or to look over a document but to advise directly with a New York resident as to most important marital rights and problems. Not only did he give her legal counsel as to those matters but essayed to give his opinion as to New York’s being the proper jurisdiction for litigation concerning the marital res and as to related alimony and custody issues, and even went so far as to urge a change in New York counsel. To say that this falls short of the “ practice of law ” in New *168 York is to defeat section 270 and the policy it represents. The statute aims to protect our citizens against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work, whether they be laymen or lawyers from other jurisdictions.
This is not answered by pointing to rules permitting out-of-State lawyers to appear in our courts on occasion or even to be admitted to practice here. The first is by express permission of the court and always on recommendation of a member of our Bar. As to admission here of a lawyer from another jurisdiction, that comes about only after the fulfillment of certain express requirements.
There is, of course, a danger that section 270 could under other circumstances be stretched to outlaw customary and innocuous practices. We agree with the Supreme Court of New Jersey (Appell v. Reiner, 43 N. J. 313) that, recognizing the numerous multi-State transactions and relationships of modern times, we cannot penalize every instance in which an attorney from another State comes into our State for conferences or negotiations relating to a New York client and a transaction somehow tied to New York. We can decide those cases when we get them but they are entirely unlike the present one.
This was an illegal transaction and under our settled rules we refuse to aid in it hut leave the parties where they are (McConnell v. Commonwealth Pictures Corp., 7 N Y 2d 465, and cases cited).
The order should be reversed and the complaint dismissed, with costs in all courts.
Judges Burke, Scileppi and Beslan concur with Chief Judge Desmond; Judges Dye, Fuld and Van Voorhis dissent and vote to affirm upon the opinion at the Appellate Division.
Order reversed, etc.