**Magdalene DIAMANTIS, Plaintiff,**

v.

**JUDD–FALK, INC., et al., Defendants.**

No. 84 Civ. 1568 (JES).

United States District Court,
S.D. New York.

May 9, 1989.

---

Gay Fullerton, Executrix of the Estate of Magdalene Diamantis, Chappaquidick, Mass., for plaintiff.

D'Amato & Lynch, New York City, for defendant Judd–Falk, Inc.; John J. Cullen, of counsel.

McMahon, Martine & Merritt, New York City, for defendant Business Decisions, Inc.; James M. Lloyd, of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants Milton Bradley, Co., George R. Ditomassi, Jr. and Robert S. Beattie; Catherine McGrath, of counsel.

Hitsman, Hoffman & O'Reilly, New York City, for defendant Newton Frank; Lee B. Hoffman, of counsel.

Lester, Schwab, Katz & Dwyer, New York City, for defendants Market Facts, Inc., Market Facts–New York, Inc. and Gregory Spagna; Thomas Catalano, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Gay Williston Fullerton, executrix of the estate of Magdalene Diamantis, has applied to this Court to be substituted as plaintiff in the above-captioned action and to be allowed to proceed *pro se* in that capacity. For the reasons set forth below, Fullerton's application to be substituted as plaintiff's legal representative is granted, and her application to proceed *pro se* is denied.

On October 9, 1988, the original plaintiff in the above-captioned action died, and her death was formally suggested on the record on October 31, 1988. By attachment to a letter dated November 4, 1988, Ms. Fullerton, a self-described friend and colleague of the plaintiff, applied to be substituted as plaintiff in the above-captioned action by virtue of her status as executrix of the deceased plaintiff's estate.[1] In response to that application, the Court ordered all proceedings stayed pending the Massachusetts Probate Court's appointment of Fullerton as executrix. *See* Order dated December 15, 1988.

By letter dated March 16, 1989, Ms. Fullerton notified the Court that probate was complete and that she had been appointed executrix. In support of this claim, Ms. Fullerton attached a copy of the decree of the Massachusetts Probate Court dated March 15, 1989, docket No. 88P 0124, approving the will and appointing Fullerton executrix. In the same March 16 letter, Fullerton renewed her application to be substituted and requested leave to proceed as executrix *pro se*, an application to which defendants have, by letter, vigorously objected.

■ Since her appointment as executrix the Court has not, however, received any objections to Fullerton being substituted as plaintiff. Moreover, Fed.R.Civ.P. 25(a)(1) clearly allows Fullerton to be substituted as plaintiff, in her capacity as executrix of the Diamantis estate. *See Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986).

■ However, Fullerton's application to proceed *pro se* must be denied. Although the right to proceed *pro se* is "one of high standing" it is not without limits. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983).

1. In an additional attachment to that letter plaintiff moved for this Court to recuse itself on the ground of bias.

The clearest of these limits is that one proceeding *pro se* cannot represent anyone but herself. "The basic question is whether this is plaintiff's own case, or a suit" belonging to another entity. *See Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir.1976) (shareholder has no right to proceed *pro se* in shareholder derivative suit).

At this point in time, this lawsuit clearly belongs to the Diamantis estate. Thus, were Fullerton to be allowed to represent the estate *pro se* she would violate New York's proscription against the unlicensed practice of law. *See* N.Y.Jud. Law §§ 478, 484 (McKinney Supp.1989); *Spivak v. Sachs*, 16 N.Y.2d 163, 211 N.E.2d 329, 263 N.Y.S.2d 953 (1965). Indeed, were Fullerton to proceed as executrix *pro se* she might also be violating her fiduciary duty as an executrix under Massachusetts law. *See* Mass.Gen.Laws.Ann. ch. 195 § 11 (West 1981); *Clymer v. Mayo*, 393 Mass. 754, 473 N.E.2d 1084 (1985) (executor may be removed for breach of fiduciary duty).

In sum, Fullerton may not proceed *pro se* where, as here, she is not representing herself, but the estate of the deceased plaintiff.[2] The fact of her appointment as executrix creates no exception to the rule that one who represents another in legal proceedings must be licensed to practice law. *Cf. People ex rel. Field v. Cronshaw*, 138 A.D.2d 765, 526 N.Y.S.2d 579 (2d Dep't 1988) (practice of law on behalf of another prohibited even for one holding power of attorney); *Estate of Friedman*, 126 Misc. 2d 344, 482 N.Y.S.2d 686 (Sur.Ct. Bronx Cty.1984) (same).[3]

For all the foregoing reasons, it is

ORDERED that pursuant to Fed.R.Civ. P. 25(a)(1) Gay Williston Fullerton, in her capacity as executrix of the estate of Magdalene Diamantis be and hereby is substituted as plaintiff in the above-captioned action; and it is further

ORDERED that the application of Gay Williston Fullerton, as executrix, to proceed as executrix *pro se* in the above-captioned action be and hereby is denied without prejudice to being renewed if and when the assets of the Diamantis estate are finally distributed to her as the sole distributee of the estate; and it is further

ORDERED that plaintiff-executrix shall obtain counsel to represent the estate in the above-captioned action on or before June 15, 1989.[4]

---

**2.** Fullerton argues that she is representing herself because she is the sole residual beneficiary under the Diamantis will. That circumstance is not dispositive. Unless and until there has been a distribution of the Diamantis estate, all the estate's debts have been paid, and Fullerton is designated as the distributee with rights in this lawsuit, she is not representing herself but the estate.

**3.** Ms. Fullerton has made a similar motion in another action pending in Massachusetts District Court. That motion was denied on similar grounds by Magistrate Ponsor by Memorandum and Order dated February 22, 1989. *See Milton Bradley, Co. v. Diamantis*, No. 85–0099–F, slip op. (D.Mass. Feb. 22, 1989).

**4.** Until an attorney is retained, or until Ms. Fullerton is authorized to proceed *pro se*, no one has standing to seek this Court's recusal on grounds of bias. Therefore that motion is likewise denied without prejudice.