[858 NYS2d 222]

In the Matter of JOSEPH LaMATTINA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 29, 2008

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Marshall G. Kaplan*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing two charges of professional misconduct. After a preliminary conference on January 10, 2007, and hearings held on February 14, 15, 21, 23, and 26, 2007, the Special Referee sustained both charges.

The Grievance Committee now moves to confirm the Special Referee's report sustaining both charges and imposing such discipline as the Court deems appropriate. The respondent's counsel has submitted an affirmation in opposition and requests that the Grievance Committee's motion be denied and the proceeding dismissed.

Charge one alleges that the respondent aided nonattorneys in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 3-101 (a), DR 1-104 (c) and DR 1-102 (a) (7) (22 NYCRR 1200.16 [a]; 1200.5 [c]; 1200.3 [a] [7]).

The respondent knowingly allowed his name to be used to form a corporation known as LaMattina & Associates, Inc. (hereinafter the corporation), in March 2004. On or about March 25, 2004, a checking account denominated "LaMattina & Associates, Inc., Joseph LaMattina Settlement Trust Account" (hereinafter the trust account) was opened at Victory State Bank on Staten Island. The respondent and two nonattorneys, Joseph LaForte and Tina LaForte, executed signature cards for the trust account on that day. On or about July 28, 2004, the respondent and two nonattorneys, Tara Caminiti and Tina LaForte, executed signature cards for the trust account, thereby giving three nonattorneys access to that account.

On the signature cards, the corporation was described, under "type of business," as "attorney."

On or about March 25, 2004, the respondent also executed a "Personal Guaranty of Corporate Obligations," unconditionally guaranteeing payment of any overdraft on the trust account.

The respondent knew that the corporation was representing various lending institutions at real estate closings. Although the respondent received a fee for these closings, he did not perform any legal work for the corporation, and did not supervise its activities or employees. The respondent knew or should have known that nonattorneys were controlling the corporation, and representing lending institutions at real estate closings.

Charge two alleges that the respondent failed to safeguard funds entrusted to the corporation, in violation of DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

As set forth in charge one, the respondent knowingly ceded control over the trust account to nonattorneys. Between March 2004 and August 2005, funds entrusted to the corporation by various lending institutions were deposited into the trust account. During that time period, funds were converted from the trust account. The respondent knew or should have known that the funds were not being properly safeguarded.

In his undated amended answer to the petition, the respondent denied that any of the nonattorney signatories on the corporation's account were practicing law or that the corporation was representing various lending institutions or anyone else at real estate closings. The respondent specifically asserted that the corporation could not be a law firm, inasmuch as a professional service corporation in New York State must be organized as a professional corporation rather than a business corporation. The respondent moreover asserted that the trust account was not an attorney trust or escrow account. Accordingly, he maintained that there was no prohibition against vesting control of the corporation or the trust account in nonattorneys, and he had no responsibility or ability to safeguard the funds. As affirmative defenses, the respondent detailed seven civil lawsuits arising from the activities of the corporation. As explained by the respondent in his answer, despite the fact that a number of people were indicted in Nassau County in connection with the activities of the corporation, he was not arrested, indicted, named as a coconspirator, or required to testify before a grand or petit jury. The respondent further asserted, in his answer, that the criminal aspect of the matter has been concluded and no action has been taken against him. The respondent therefore requested that the petition be dismissed.

In determining whether the corporation was engaged in the unauthorized practice of law, recourse must be had to Judiciary Law § 495, which provides that

"No corporation . . . shall . . .

"(c) hold itself out to the public as being entitled to practice law, . . . nor . . .

"(f) assume in any manner to be entitled to practice law."

There is undisputed evidence that the corporation held itself out as a law firm. An attorney who represented sellers dealing with the corporation testified that an individual who identified himself as an attorney, and who closed loans for the corporation, stated that the entity was a law firm, and that the bank had erred in designating the entity as a business corporation. In addition, an officer of one of the lenders for whom the corporation closed loans testified regarding his company's requirement that it deal with a New York attorney, and that the corporation had represented itself to be such.

Although none of the Grievance Committee's witnesses had any dealings with the respondent, the testimony adduced established that the corporation held itself out to be "entitled to practice law." Inasmuch as the corporation was organized as a business corporation, and not a professional corporation, its conduct in this regard constituted the unauthorized practice of law in violation of Judiciary Law § 495. There is no dispute that the respondent aided in the formation of the corporation and that, after lending his name to the corporation, he took no steps whatsoever to supervise its daily operations or to provide any oversight with respect to its conduct. Under these circumstances, the Special Referee properly sustained charge one.

Nor is there any dispute that respondent failed to safeguard the funds in the trust account. The respondent admitted that he neither deposited the substantial sums of money which passed through the corporation's account into a properly designated escrow account, nor supervised the records or activities of the corporation and the trust account. He was aware that nonattorneys were afforded access to the trust account. Based on those admissions, this Court, in a prior decision and order, found that the respondent constituted an immediate threat to the public and ordered his interim suspension.

We reject the respondent's contention that the disciplinary rules with respect to attorney trust accounts do not apply to

this situation, inasmuch as he had nothing to do with the corporation in his capacity as an attorney, and that the corporation was a "settlement company," as opposed to a law firm. "A lawyer in possession of any funds or other property belonging to another person, where such possession is incident to his or her practice of law, is a fiduciary" (DR 9-102 [a] [22 NYCRR 1200.46 (a)]). By permitting the corporation's trust account to be established in his name, knowing that the corporation was using that account to represent lending institutions at real estate closings, the respondent had possession of the funds incident to his practice of law within the meaning of DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Just as an attorney cannot lend his or her name to an escrow account run by others, an attorney cannot avoid the disciplinary rules relating to trust accounts by allowing a business entity, with which he or she is affiliated to some degree, to hold the funds belonging to others in a non-escrow account.

Under these circumstances, charge two was properly sustained as well, and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent maintains that, if the allegations of the petition had been established, he could have been indicted and/or cast in damages for a significant amount of money, yet he has not been indicted or cast in damages. The respondent argues that there is no ethical implication in his receipt of money despite the fact that he performed no work, inasmuch as many lawyers receive retainers and are not called upon thereafter to earn them. He characterizes this method of generating revenue as a corporate matter rather than an ethical one. He maintains that his guarantee of the corporation's trust account did not render the corporation a law firm or empower it to practice law.

Other than the interim suspension imposed in this case, the respondent has no disciplinary history.

By participating in a scheme to create an entity whose purpose was to represent out-of-state lending institutions at real estate closings in New York, for which a New York attorney was a necessary presence, and by failing to exercise any supervision over that entity or the funds entrusted to it, the respondent engaged in serious professional misconduct which made it possible for nonattorneys to commit massive fraud to the detriment of both lending institutions and purchasers. Such misconduct warrants the respondent's disbarment.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph LaMattina, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Joseph LaMattina, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph LaMattina, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph LaMattina, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Joseph LaMattina shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).