[881 NYS2d 744]

In the Matter of JOHN C. GARAS, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, June 12, 2009

**APPEARANCES OF COUNSEL**

*Susan M. Eagan, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Michael J. Flaherty*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 7, 1986, and maintains an office for the practice of law in Williamsville. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including aiding nonlawyers in the unauthorized practice of law. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving all remaining factual issues. Based upon the stipulation, the Referee has filed a report, which the Grievance Committee moves to confirm. Respondent has cross-moved to confirm in part and disaffirm in part and to dismiss the petition.

We confirm the factual findings of the Referee, which are based upon both admitted and stipulated facts.

Respondent formed Resale Closing Services, LLC (RCS), for the purpose of bidding on a contract with the United States Department of Housing and Urban Development (HUD) for the provision of closing agent services on the sale of previously foreclosed properties. The HUD contract required the designation as "key personnel" of an admitted attorney. RCS consisted of two members: respondent and a nonlawyer. The nonlawyer member owned a majority share of the corporation, and the two members shared in profits and losses according to their membership interests. The nonlawyer was paid an annual salary as general manager of RCS, and respondent received an annual fee for his services as general counsel. HUD accepted the bid of RCS, and the nonlawyer member established an office in Buffalo. The services provided by nonlawyer employees of RCS included the preparation of deeds. Although respondent reviewed the prepared deeds and title searches, he had no involvement in the day-to-day operations of RCS, and he exercised no supervisory authority over the nonlawyer member, who administered the services provided under the HUD contract. In addition, respondent and the nonlawyer member opened a noninterest-bearing trust account as joint signatories, through which the proceeds of each sale were disbursed. Nonlawyer employees of RCS attended closings for which RCS provided services.

Respondent thereafter established the Garas Law Firm (GLF), which also successfully bid on a closing agent services contract

with HUD. Although respondent was the sole owner of GLF, many of the services provided by it were subcontracted to RCS, and the nonlawyer member of RCS performed administrative functions for GLF. There were no material differences in the operations of RCS and GLF. In addition, for a period of time, packets of closing documents sent to purchasers of HUD properties by employees of either RCS or GLF included offers from GLF for the purchase of title insurance. The written offers failed to disclose that GLF was thereby offering a nonlegal service and that the protection of an attorney-client relationship did not exist with respect to those services.

The determinative issue is whether the activities of RCS and GLF pursuant to the contracts with HUD constituted the practice of law. Respondent contends that the services required by the contracts consisted mainly of clerical functions that did not involve the exercise of legal judgment, i.e., functions such as completing forms and complying with HUD regulations. The Grievance Committee, however, contends that RCS was engaged in activities that, by statute, may only be performed in the State of New York by an attorney and that, even with respect to those tasks that may be appropriately delegated to nonlawyers, respondent failed to exercise the required supervision.

Judiciary Law § 484 provides in relevant part that "[n]o natural person shall ask or receive, directly or indirectly, compensation . . . for preparing deeds, mortgages, assignments, discharges, leases or any other instruments affecting real estate . . . unless he [or she] has been regularly admitted to practice, as an attorney or counselor, in the courts of record in the state . . . ." Similarly, Judiciary Law § 495 (3) provides that "[n]o voluntary association or corporation shall ask or receive directly or indirectly, compensation for preparing deeds, mortgages, assignments, discharges, leases, or any other instruments affecting real estate . . . ." The purpose of the prohibition against the practice of law by other than an admitted attorney is to protect the public "against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work" (*Spivak v Sachs*, 16 NY2d 163, 168 [1965]).

While the applicable statutes make it clear that the provision of closing services such as the preparation of deeds constitutes the practice of law, an exception has been recognized for a single transaction that occurred incident to otherwise authorized business and did not involve the rendering of legal advice (*see People v Title Guar. & Trust Co.*, 227 NY 366, 375-376 [1919], *rearg*

*denied* 228 NY 585 [1920]). The services at issue here, however, were routinely performed, were of the character usually performed by lawyers, and were performed pursuant to a contract that required an admitted attorney as a necessary presence. Consequently, the services performed pursuant to the HUD contracts do not fall within the exception to the general rule (*see People v Lawyers Tit. Corp.*, 282 NY 513, 520-521 [1940]; *see also Matter of LaMattina*, 51 AD3d 371 [2008]).

We find that the services provided by RCS and GLF pursuant to the HUD contracts constituted the practice of law (*see Lawyers Tit. Corp.*, 282 NY 513 [1940]; *Matter of LaMattina*, 51 AD3d 371 [2008]; *see also* Judiciary Law §§ 484, 495 [3]; *cf. Title Guar. & Trust Co.*, 227 NY 366 [1919]; *Matter of Duncan & Hill Realty v Department of State of State of N.Y.*, 62 AD2d 690 [1978], *lv denied* 45 NY2d 709, 821 [1978]). We thus find that respondent has committed professional misconduct by forming a corporation with a nonlawyer for the provision of those services, failing to exercise oversight of its activities or employees and failing to safeguard sale proceeds in an adequate manner.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Conduct:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (d) (1) (22 NYCRR 1200.5 [d] [1])—ratifying conduct of a nonlawyer that would be a violation of the Disciplinary Rules if engaged in by a lawyer;

DR 1-106 (a) (3), (4) (22 NYCRR 1200.5-b [a] [3], [4])—providing nonlegal services to a person without advising the person in writing that the services are nonlegal services and that the protection of an attorney-client relationship does not exist with respect to the nonlegal services when the person receiving the services could reasonably believe that the nonlegal services are the subject of an attorney-client relationship;

DR 3-101 (a) (22 NYCRR 1200.16 [a])—aiding a nonlawyer in the unauthorized practice of law;

DR 3-102 (a) (22 NYCRR 1200.17 [a])—sharing legal fees with a nonlawyer;

DR 5-107 (c) (1), (2) (22 NYCRR 1200.26 [c] [1], [2])—practicing in the form of a limited liability company in which a nonlawyer owns an interest and is a member; and

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts.

We have considered, in mitigation, that this proceeding did not originate as the result of a complaint by a purchaser of a HUD property and was, instead, commenced upon the complaint of an attorney whose firm bid unsuccessfully on the contract awarded to GLF. Nor is there any evidence to suggest that the closing services provided by RCS and GLF were not performed in a competent manner. Additionally, we have considered the assertions of respondent that the deposit of closing proceeds into a noninterest bearing account was an attempt to comply with a contract requirement concerning the transfer of funds, and that he offered title insurance to purchasers at the behest of HUD. Further, we note in support of the assertion by respondent that he did not intend to violate the disciplinary rules that, during the course of this proceeding, he executed an agreement assigning the contractual duties of RCS to GLF in an attempt to conform his conduct to the rules, and he ultimately terminated his relationship with RCS. Finally, we have considered that respondent has a previously unblemished record and that he cooperated with the investigation conducted by the Grievance Committee. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.