Kirill Samoroukov, Plaintiff-Appellant,
against
Vladimir Kamenev, Defendant-Respondent.



Plaintiff, as limited by his brief, appeals from 1) an order of the Civil Court of the City of New York, New York County (Lynn R. Kotler, J.), dated August 13, 2014, which denied his motion for summary judgment and other relief, granted defendant's cross motion to dismiss the complaint and for discovery on his counterclaims, and directed a trial on the counterclaims; 2) an order (same court and judge) dated December 1, 2014, which denied plaintiff's motion to "renew and reargue" the aforesaid order, and to stay the trial on the counterclaims; 3) an order (same court and judge), dated March 1, 2015, which denied plaintiff's second motion to "renew and reargue," and to strike defendant's surreply; and 4) an order (same court and judge), dated April 28, 2015, which denied plaintiff's third motion to "renew and reargue" and referred his motion to adjourn the trial on the counterclaims to the trial judge.




Per Curiam.
Order (Lynn R. Kotler, J.), dated August 13, 2014, affirmed, with $10 costs, for the reasons stated by Lynn R. Kotler, J. at Civil Court. Orders (Lynn R. Kotler, J.), dated December 1, 2014, March 1, 2015, and April 28, 2015, insofar as appealable, affirmed, without costs. 
Accepting the allegations in plaintiff's complaint and supporting papers as true, and affording him the benefit of every possible inference (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]), we conclude that Civil Court correctly dismissed the underlying action on the ground that the services rendered by plaintiff constituted the practice of law in this State in violation of Judiciary Law § 478. In this regard, plaintiff's activities in New York included the development of a legal strategy for pursuing a claim in Saint Petersburg, Russia, recommending Russian counsel and overseeing his work, "reading and editing documents," "overseeing and coordinating the drafting of complaints," and proposing an additional claim because of the "collision of two Russian laws." Such activities were not "incidental and innocuous" (El Gemayel v Seaman, 72 [*2]NY2d 701, 707 [1988]), but constituted the practice of law (see Spivak v Sachs, 16 NY2d 163 [1965]; Matter of New York County Lawyers Assn. [Roel], 3 NY2d 224 [1957]; People v Alfani, 227 NY 334 [1919]). Inasmuch as plaintiff is not "licensed and admitted to practice law" in New York State, his agreement to provide legal services to defendant is unenforceable (see Judiciary Law § 478; see El Gemayel v Seaman, 72 NY2d at 705). 
Since the agreement between the parties was illegal, the court properly "refuse[d] to aid in it but le[ft] the parties where they are" (see Spivak v Sachs, 16 NY2d at 168). We have considered all of plaintiff-appellant's remaining points and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


I concur I concur I concur
Decision Date: April 22, 2016