State of N.Y. ex rel. Stephen B. Diamond, P.C. v My Pillow, Inc. (2020 NY Slip Op 00829)





State of N.Y. ex rel. Stephen B. Diamond, P.C. v My Pillow, Inc.


2020 NY Slip Op 00829


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10949 100337/14

[*1] State of New York ex rel. Stephen B. Diamond, P.C., Plaintiff-Appellant-Respondent,
v
My Pillow, Inc., Defendant-Respondent-Appellant.


McInnis Law, New York (Timothy J. McInnis of counsel), for appellant-respondent.
Kennedys CMK LLP, New York (Michael J. Tricarico of counsel), for respondent-appellant.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered June 21, 2018, which, to the extent appealed from as limited by the briefs, confirmed the report of the special referee; denied plaintiff's request to grant plaintiff "fees on fees" under State Finance Law § 190(6)(b); and denied defendant's request to disallow payment of plaintiff attorneys' fees for work done by attorneys not admitted in New York, unanimously modified, on the law, to grant defendant's request to disallow attorneys' fees incurred by plaintiff's attorneys not admitted in New York, and otherwise affirmed, without costs.
Judiciary Law § 478 provides that it is unlawful for a person to practice law in New York without having first, inter alia, been duly and regularly licensed or admitted pro hac vice. The Court of Appeals has interpreted this section broadly to include "legal advice as counsel as well as appearing in the courts and holding oneself out as a lawyer" (Spivak v Sachs , 16 NY2d 163, 166 [1965]). It has also held that parties that engage in the illegal practice of law in New York may not recover legal fees (id. ). The prohibition of the unauthorized practice of law "is intended to protect citizens against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work" (Jemzura v McCue , 45 AD2d 797, 797 [3d Dept 1974], lv dismissed 37 NY2d 750 [1975][internal quotation marks omitted]).
Here, plaintiff testified before the special referee that
attorneys employed by Stephen B. Diamond, P.C. drafted the complaint that was ultimately filed in New York Supreme Court, conducted research, prepared the memorandum for the New York Attorney General and assisted with settlement negotiations. Plaintiff also admitted that, at the time of the litigation, none of the attorneys working on this matter were admitted in New York. Because the attorneys were engaged in the unauthorized practice of law, the fees incurred by them were unlawful. The fact that plaintiff hired New York counsel to assist in some of the legal work does not alter the analysis or cure his failure to seek pro hac vice admission in New York.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK