Matter of Hart (2021 NY Slip Op 03179)





Matter of Hart


2021 NY Slip Op 03179


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-10155

[*1]In the Matter of Clifford J. Hart, etc., deceased. Davidson, Sochor, Ragsdale & Cohen, LLC, respondent; Estate of Clifford J. Hart, appellant. (File No. 753/14)


Goldman & Greenbaum, P.C., New York, NY (Martin Wm. Goldman of counsel), for appellant.
Walsh & Walsh (Abrams Garfinkel Margolis Bergson, LLP, New York, NY [Robert J. Bergson], of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Davidson, Sochor, Ragsdale & Cohen, LLC, petitioned pursuant to SCPA 2110 to fix and determine the amount of an attorney's fee, the Estate of Clifford J. Hart appeals from an order of the Surrogate's Court, Rockland County (Rolf M. Thorsen, A.S.), dated August 28, 2017. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court dated April 6, 2017, denying that branch of the motion of the Estate of Clifford J. Hart, Jake Hart, Alex Hart, and Naomi Hart which was for summary judgment dismissing the petition insofar as asserted against the Estate of Clifford J. Hart.
ORDERED that the order dated August 28, 2017, is affirmed insofar as appealed from, with costs.
The petitioner, Davidson, Sochor, Ragsdale & Cohen, LLC, is a New Jersey law firm with no office in New York. Clifford J. Hart (hereinafter the decedent), who died on November 14, 2014, had been a New Jersey resident until he moved to New York in June 2013, as well as a longtime client of the petitioner.
From approximately November 24, 2014, until February 26, 2015, the petitioner rendered legal services to the Estate of Clifford J. Hart (hereinafter the Estate), for which the petitioner now seeks compensation. No engagement letter was ever executed. The petitioner filed a petition pursuant to SCPA 2110 to fix and determine compensation for services rendered to the Estate by two of its attorneys—Alan Davidson, a partner admitted only in New Jersey, and Gregory H. Cayne, an associate attorney admitted in both New Jersey and New York.
After joinder of issue, the Estate, Jake Hart, Alex Hart, and Naomi Hart moved, inter alia, for summary judgment dismissing the petition insofar as asserted against the Estate, alleging that the petitioner violated Judiciary Law §§ 470 and 478 in rendering legal services to the Estate in New York. The petitioner opposed. In an order dated April 6, 2017, the Surrogate's Court, among other things, denied that branch of the motion which was for summary judgment dismissing [*2]the petition insofar as asserted against the Estate. The Estate subsequently moved for leave to reargue that branch of the motion which was for summary judgment dismissing the petition insofar as asserted against it. The petitioner opposed. In an order dated August 28, 2017, the court granted the Estate leave to reargue and, upon reargument, adhered to its original determination. The Estate appeals.
Pursuant to SCPA 2110, the Surrogate's Court has the authority to fix and determine the compensation of an attorney for services rendered, inter alia, to a fiduciary of an estate (see SCPA 2110[1]; Matter of Heino, 186 AD3d 1216, 1218-1219).
Judiciary Law § 470 "requires that nonresident attorneys maintain a physical office in New York in order to practice law here" (Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645, 649). As a general rule, fee forfeitures are disfavored, particularly where there are other regulatory sanctions for noncompliance (see Benjamin v Koeppel, 85 NY2d 549, 553). While there is relatively little case law dealing specifically with the effects of a violation of section 470, the statute itself "is not punitive or remedial on its face" and "does not expressly provide for a fee forfeiture in the event of its violation" (Matter of Garrasi, 29 Misc 3d 822, 829 [Sur Ct, Schenectady County]; see Frechtman v Gutterman, 140 AD3d 538). Thus, even assuming that the Estate has established, prima facie, a violation of Judiciary Law § 470, it has failed to demonstrate that the petitioner, as a result of such violation, would not be entitled to compensation for its services.
By contrast, a violation of Judiciary Law § 478—which prohibits natural persons not licensed to practice law in New York from rendering legal services in this state—can, if established, result in a fee forfeiture (see El Gemayel v Seaman, 72 NY2d 701, 705; Spivak v Sachs, 16 NY2d 163, 166; State of N.Y. ex rel. Stephen B. Diamond, P.C. v My Pillow, Inc., 180 AD3d 419). However, the Estate failed, prima facie, to eliminate triable issues of fact as to whether any of the services rendered by the petitioner constituted the unauthorized practice of law in this state in violation of Judiciary Law § 478 (see International Customs Assoc. v Bristol-Myers Squibb Co., 233 AD2d 161, 162).
Therefore, the Surrogate's Court, upon reargument, properly adhered to its original determination denying that branch of the motion of the Estate, Jake Hart, Alex Hart, and Naomi Hart which was for summary judgment dismissing the petition insofar as asserted against the Estate.
The Estate's remaining contention, raised in Point VI of its reply brief, is not properly before us and we have not considered it.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court